## Arch Manufacturing Company v. Stumph.

*Stewart & Gerber*, for exceptions; *John A. Hoober*, contra.

NILES, P. J., May 14, 1929.—This matter comes before the court upon exceptions to the execution and return of a commission issued on behalf of the plaintiff to take the testimony of witnesses in St. Louis, Mo.

One substantial exception is, because of the failure to obey the instructions requiring the commissioner to subscribe her name at the bottom of every page of testimony. This was not done. The name of each witness is subscribed upon the last page of his testimony, and the name of the commissioner is subscribed below the name of the witness; but the commissioner did not subscribe her name at the bottom of every page of testimony also. This is a substantial requirement, the neglect of which is liable to cast doubt upon the integrity of the evidence.

Another objection is that the last interrogatory violates the express requirements of Rule 86 of this court on the subject. That rule is: "The last of the interrogatories to take testimony shall be stated in substance thus: "Do you know, or can you set forth any other matter or thing which may be of benefit or advantage to the parties at issue in this case, or either of them, or that may be material to the subject of this, your examination, or the matters in question in this cause? If yea, set forth the same fully and at large in your answer." In this commission the last interrogatory is: "If there is anything further material to the issue in this matter that is within your knowledge you may state the same as fully as though specially interrogated, and if exhibits are involved, please attach thereto, properly marked on such." This *interrogatory is not in substantial compliance with the above-quoted Rule 86.* It is materially important that a witness examined on a commission, which, if properly executed, is in the absence of parties and counsel, should have specifically brought to his attention the obligation [to] "set forth any other matter or thing which may be of benefit or advantage to the parties at issue in this case, or either of them."

Another substantial exception is: The failure of the commissioner to obey the instruction "If the party plaintiff or defendant be not the witness or witnesses examined, then after the word 'Present' add 'Neither of the parties litigant being present either personally or by agent.'" This requirement was not obeyed by the commissioner. It is substantial.

These objections are of substance and not merely matters of form which might be disregarded in the absence of injury to either party.

Therefore, the exceptions are sustained and the commission is suppressed, at the costs of the plaintiff, May 14, 1929.

From Richard E. Cochran, York, Pa.